IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONNA DUNCAN,

    Plaintiff,

v.

PARK AVENUE SECURITIES, LLC, ET AL,

    Defendants.

No. C 10-03303 JSW

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Now before the Court is the second motion to dismiss filed by Defendants Park Avenue Securities, LLC, Integrated Financial and Insurance Services, Inc., The Guardian Life Insurance Company of America and Peter Foster (collectively, "Defendants"). The Court finds that this matter is suitable for disposition without oral argument and accordingly VACATES the hearing date of March 11, 2011. *See* N.D. Civ. L.R. 7-1(b). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Defendants' motion to dismiss the first amended complaint without leave to amend.

**BACKGROUND**

Plaintiff Donna Duncan brought this action in the Sonoma County Superior Court to recover pension benefits she claims were improperly distributed to her ex-husband out of a pension account governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). On July 28, 2010, Defendants removed this action to federal court.

Plaintiff and Mr. Duncan were married in May of 1988 and filed for divorce in August of 2005. (First Amended Complaint at ¶ 8.) During the length of the marriage, Mr. Duncan made contribution to his 401 retirement account with defendant Integrated Financial. (*Id.* at ¶ 9.) Despite receiving notice of Plaintiff's community property claim in the money in the account, Plaintiff alleges that Defendants improperly distributed the pension benefits to Mr. Duncan without her consent. (*Id.* at ¶¶ 11-13.) Plaintiff alleges that, without her knowledge, the retirement account balance was reduced from $90,387.69 in November 2006 to approximately $10,294.00 in June 2008. (*Id.* at ¶ 13.)

The original complaint alleged three causes of action: (1) negligence in violation of Family Law Code section 755(b); violation of fiduciary duty under ERISA; and (3) negligent infliction of emotional distress. On October 5, 2010, this Court granted Defendants' motion to dismiss the original complaint, in part with leave to amend. The Court dismissed the first and third causes of action for negligence under California Family Code section 755(b) and negligent infliction of emotional distress without leave to amend as preempted by ERISA. The Court dismissed the second claim for breach of fiduciary duty under ERISA with leave to amend. The Court permitted Plaintiff leave to amend to allege facts sufficient to demonstrate that the notices sent to Defendants in Plaintiff's state divorce proceeding were sufficient to constitute a valid qualified domestic relations order ("QDRO") or domestic relations order ("DRO") pursuant to the requirements of *Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143, 1147-49 (9th Cir. 2000).

On October 29, 2010, Plaintiff filed a first amended complaint, alleging a new cause of action for common law negligence and modifying her second claim for violation of fiduciary duty under ERISA. On November 5, 2010, Defendants moved to dismiss the first amended complaint.

The Court will address any additional specific facts as required in its analysis.

2

United States District Court
For the Northern District of California

# ANALYSIS

**A.      Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.    Motion to Dismiss Claims.**

**1.    Preemption by ERISA.**

As the Court explained in its first order, Plaintiff's common law claim for negligence is preempted by ERISA. In addition, in its first order, the Court did not grant Plaintiff leave to amend to allege another preempted state law claim.

ERISA's preemption section, 29 U.S.C. § 1144(a), provides that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987). The language of ERISA's preemption provision – covering all laws that relate to an ERISA plan – is clearly expansive. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995). In analyzing the basic objectives of Congress in passing the broad preemption clause of ERISA, the Supreme Court has found that the "basic thrust of the pre-emption clause [is] to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *Id.* at 657. The Court has also emphasized more generally that the "principal object of the statute [ERISA] is to protect plan participants and beneficiaries." *Boggs v. Boggs*, 520 U.S. 833, 845 (1997).

Here, because the state law claim for negligence clearly relates to the administration of an ERISA plan, the Court finds that the claim is preempted. *See Egelhoff v. Egelhoff*, 532 U.S. 141, 143 (2001) (holding that common law claims based on the distribution of ERISA pension benefits were preempted where the state statute had an impermissible connection with ERISA). Plaintiff's first claim for negligence is dismissed without leave to amend.

**2.    Plaintiff's Modified ERISA Claim.**

Defendants argued that Plaintiff's second claim for breach fiduciary duty under ERISA was defective in her original complaint because Plaintiff failed to allege facts sufficient to overcome ERISA's anti-assignment provisions and establish standing to sue under ERISA to recover benefits paid to her former husband. The Ninth Circuit in *Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143, 1147-49 (9th Cir. 2000), established that in order to make a claim for breach of fiduciary duty, a plaintiff must, at a minimum, allege that she

obtained a Marital Dissolution Order and that the plan fiduciary was provided the order and failed to take steps to fulfill its requirements. Congress resolved any uncertainty about the adjudication of marital dissolutions and the affect on ERISA pension plan benefits when it enacted the Retirement Equity Act of 1984, 26 U.S.C. § 417 ("REA"). The REA amended ERISA by creating an exception to its anti-assignment provisions for state domestic relations orders that meet the requirements of a "qualified domestic relations order" or QDRO. *See id.* at 1149, citing 29 U.S.C. § 1056(d)(3)(A). The QDRO exception was specifically enacted to protect the financial security of ex-spouses. *See Ablamis v. Roper*, 937 F.2d 1450, 1453 (9th Cir. 1991).

In its previous order, the specifically granted Plaintiff leave to amend to assert facts sufficient to constitute a valid QDRO or DRO and substantial compliance with the requirements under *Stewart*. *See Hamilton v. Washington State Plumbing & Pipefitting Industries Pension Plan*, 433 F.3d 1091, 1097 (9th Cir. 2006) (requiring substantial compliance with requirements under *Stewart*). Plaintiff has failed to do so in her first amended complaint. The notices sent from her state divorce attorney are not court orders nor are they sufficient to constitute valid compliance with the requirements of *Stewart*. Accordingly, Plaintiff fails to state a claim upon which relief can be granted against Defendants.[1] Having been given a second opportunity to allege compliance with the specific requirements of *Stewart*, and having failed to do so, the Court GRANTS Defendants' motion to dismiss the second count for violation of fiduciary duty under ERISA without leave to amend. *See DeSoto v. Yellow Freight Sys. Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (leave to amend is properly denied where amendment would be futile).

---

[1] As Defendants state, perhaps Plaintiff's remedy is against her former husband who took the money out of the account. (*See* Reply at 5.)

5

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the first amended complaint. A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: January 28, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE